HOWARD MAJOR, Respondent, v. GEORGE LEARY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

JOHN J. MCCLOSKEY, Respondent, v. THE CITY OF NEW YORK, Appellant.— Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ. [See ante, p. 607.]

JOHN O. NELSON, Appellant, v. HENRY M. CUMMINGS, Respondent.— Motion for leave to appeal to the Court of Appeals denied. If the appellant's case on appeal has been properly settled and he has appealed from the judgment in time, his appeal should be brought on before this court in the regular way as an appeal from the judgment. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

ANTHONY V. PULEO and Another, Respondents, v. WALTER J. MOORE and Another, Appellants.— Motion for leave to appeal to the Appellate Division denied. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

FANNIE SCHRIRO, Appellant, v. SIMEON GROSSBEIN and Another, Respondents. — Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

BECKIE SORBLUM, Respondent, v. THE TRAVELERS INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

ANNA M. WILLENBROCK, Respondent, v. BERTHOLD D. WILLENBROCK, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

GENEVIEVE CERONI, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. It was error for the court to have directed a verdict in favor of plaintiff. There was an issue of fact as to whether the death of decedent was a natural one or suicidal. The admission of plaintiff in the proofs of loss, by reference to the certificate of the assistant medical examiner, that death was suicidal, while open to explanation or correction, was a subject for consideration by a jury. Coupled with this there was medical testimony which, though it might have been excluded under proper objection, was also some proof of defendant's claim that death was suicidal. We are of opinion that under the proof the letter alleged to have been found in decedent's pocket was properly excluded. Under the circumstances of the case the court was warranted in denying defendant's motion to amend its answer at the trial. Lazansky, P. J., Carswell, Scudder and Tompkins, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: Plaintiff, when asked to state the cause of death in her proofs of loss, referred to the death certificate. By so doing she adopted it as her answer only in so far as it was responsive. The cause of death as stated in the death certificate was asphyxia, resulting from carbon monoxide poisoning. The gratuitous addition of the word " suicidal " by the assistant medical examiner, who concededly knew nothing of the facts of the case, should not be held as binding on the plaintiff because of her reference to his certificate. There was no issue of fact to be tried, and verdict in favor of the plaintiff was properly directed.